FRANCES E. B. LENTZ, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

LAFAYETTE LENTZ, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 41974, 41981. Promulgated January 23, 1931.

*Joseph A. Lamorelle, Esq.*, for the petitioner in Docket No. 41974.
*J. F. Bullitt, Esq.*, for the petitioner in Docket No. 41981.
*R. S. Scott, Esq.*, and *E. M. Neiss, Esq.*, for the respondent.

OPINION.

STERNHAGEN: The petitioners are beneficiaries of a trust created by the will of William O. Lentz, deceased. Together, although in separate petitions, they contest the determination by the Commissioner of deficiencies in their income taxes for 1926, the substance of which is his holding that they have erroneously taken a deduction for the Federal estate tax in respect of the decedent's estate. They

invoke section 703 [1] of the Revenue Act of 1928 to support their right to their proportionate shares of the deduction for this tax. They contend that the deduction for the estate tax was not claimed by the estate, but was claimed by them as beneficiaries and that therefore it must be allowed to them in accordance with paragraph (2) of subdivision (a). The word "claimed" is defined in subdivision (b) to include a deduction taken in the return, and the petitioners contend that they each took the deduction in their several tax returns, and hence that it should be allowed to them proportionately. The respondent contends that petitioners did not claim the deduction in their returns, but that the estate, which admittedly paid the tax, claimed the deduction in its return.

The difficulty arises from the fact that the distributable income of the estate was shown in the individual beneficiaries' tax returns somewhat differently from ordinary income otherwise derived. Instead of itemizing the classes of gross income and deductions which go to make up their distributive shares of net income from the estate, the beneficiaries merely placed their distributive shares of such net income among the items of their individual gross income, thus preventing immediate observation of the factors which made up their distributive shares of estate income and requiring further investigation to find whether the deduction for taxes was such a factor.

---

[1] SEC. 703. DEDUCTION OF ESTATE AND INHERITANCE TAXES—RETROACTIVE.

(a) In determining the net income of an heir, devisee, legatee, distributee, or beneficiary (hereinafter in this section referred to as "beneficiary") or of an estate for any taxable year, under the Revenue Act of 1926 or any prior revenue Act, the amount of estate, inheritance, legacy, or succession taxes paid or accrued within such taxable year shall be allowed as a deduction as follows:

(1) If the deduction has been claimed by the estate, but not by the beneficiary, it shall be allowed to the estate;

(2) If the deduction has been claimed by the beneficiary, but not by the estate, it shall be allowed to the beneficiary;

(3) If the deduction has been claimed by the estate and also by the beneficiary, it shall be allowed to the estate (and not to the beneficiary) if the tax was actually paid by the legal representatives of the estate to the taxing authorities of the jurisdiction imposing the tax; and it shall be allowed to the beneficiary (and not to the estate) if the tax was actually paid by the beneficiary to such taxing authorities;

(4) If the deduction has not been claimed by the estate nor by the beneficiary, it shall be allowed as a deduction only to the person (either the estate or the beneficiary) by whom the tax was paid to such taxing authorities, and only if a claim for refund or credit is filed within the period of limitation properly applicable thereto;

(5) Notwithstanding the provisions of paragraphs (1), (2), (3), and (4) of this subsection, if the claim of the deduction by the estate is barred by the statute of limitations, but such claim by the beneficiary is not so barred, the deduction shall be allowed to the beneficiary, and if such claim by the beneficiary is barred by the statute of limitations, but such claim by the estate is not so barred, the deduction shall be allowed to the estate.

(b) As used in this section, the term "claimed" means claimed—

(1) In the return; or

(2) In a claim in abatement filed in respect of an assessment made on or before June 2, 1924.

(c) This section shall not affect any case in which a decision of the Board of Tax Appeals or any court has been rendered prior to the enactment of this Act, whether or not such decision has become final.

When, however, such investigation is made, the return of the fiduciary, Form 1041, called "Fiduciary Return of Income," is discovered. This does not purport to be a final tax return upon which an assessment is automatically made, but is a return required for administrative convenience which shows the items which make up the income of the estate and shows the persons to whom distribution is made and the amounts distributable. Upon the face of this return, the fiduciary showed that in arriving at the distributable income, deductions were taken of the Federal and State inheritance taxes. But in showing the portion of the net income retained by the fiduciary and not distributed, it clearly appears that the undistributed gross income, viz., $39,262.79, was not diminished in arriving at the undistributed net income. In other words, the inheritance and estate taxes were applied entirely against the part of the estate income which was to be distributed to the beneficiaries. By this method the fiduciary's undistributed income was shown to be $39,-262.79 and the beneficiaries' distributable share of $7,187.80 was divided between Frances E. B. Lentz and LaFayette Lentz, $4,791.87 to the former and $2,395.93 to the latter.

These proportions of the net income of the estate were carried by the three taxpayers into the gross income shown upon their separate tax returns, and thus upon the face of such tax returns it does not appear that any deductions were taken either by the fiduciary or the beneficiaries. This is what causes the Commissioner to insist that no claim for the estate tax was made by the beneficiaries in their returns. He treats the return on Form 1041 as a return contemplated by section 703 (b) (1), and, pointing to the deduction appearing therein, argues that it constitutes a claim in its return.

This we think is palpably in error. The return referred to in section 703 (b) (1) is the statutory tax return which provides the initial assessment, and the " claim " must be construed to mean the substantial application of the amounts of inheritance taxes against gross income in arriving at the taxable net. It is not reasonable to suppose that this beneficent provision, so plainly designed to override precise legal reasoning, should depend upon a narrow and formal construction of the word " claimed." Congress has provided that one or the other should have this deduction. Cf. *Marion S. B. Lansill*, 17 B. T. A. 413. The fiduciary here did not in fact apply the taxes against its own taxable income and did not claim the deduction. It applied the deduction entirely against the income of the beneficiaries. This clearly appears from all the returns of the beneficiaries and the estate; and we see no reason why they may not be examined together to ascertain the fact.

The Commissioner allowed the beneficiaries the deduction of Pennsylvania inheritance tax, which indicates perhaps that his determination overlooked the 1928 Act and was based on his view of the law as it was before that statute became effective. In our opinion, he should likewise allow the beneficiaries the deduction of the Federal estate tax according to their proportionate interests.

The petitioners have also established that their taxable income from the estate was otherwise incorrectly computed to their detriment. As shown in the findings, such taxable income of Frances E. B. Lentz is made up of dividends $63,984.99 and other taxable income $8,138.64, and of LaFayette Lentz, dividends $31,992.49 and other taxable income $2,069.32. The tax deduction should be applied as above stated in arriving at the correct deficiency or overpayment.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*