*1345 OPINION.
Siviith:
Section 703 of the Revenue Act of 1928 provides in part as follows:
(a) In determining the net income of an heir, devisee, legatee, distributee, or' beneficiary * * * 0r of an estate for any taxable year, under the Revenue Act of 1926 or any prior revenue Act, the amount of estate, inheritance, legacy, or succession taxes paid or accrued within such taxable year shall be allowed as a deduction as follows:
(1) If the deduction has been claimed by the estate, but not by the beneficiary, it shall be allowed to the estate;
(2) If the deduction has been claimed by the beneficiary, but not by the estate, it shall be allowed to the beneficiary;
* * ⅜ * ⅜
(b) As used in this section, the term “claimed” means claimed—
(1) In the return; or
(2) In a claim in abatement filed in respect of an assessment made on or before June 2, 1924.
The contention of the respondent in this proceeding is that the Federal estate tax paid by the estate is an allowable deduction from the gross income of the estate for income tax purposes; that having *1346 been so paid and claimed as a deduction by the estate it can not be claimed by the beneficiary as a deduction from income; that inasmuch as the widow, Anna Eisele, was entitled under the terms of her deceased husband’s will to receive the entire income from the estate during her life, that income was without deduction for Federal estate tax and for the New Jersey inheritance tax.
The argument of the respondent is made without taking into account the provisions of section 703 of the Revenue Act of 1928. That section contemplates that the deduction of the Federal estate tax and of State inheritance taxes shall be allowed either to the estate or to the beneficiary. If it was claimed as a deduction in the income tax return for the estate it is to be allowed to the estate in the determination of its tax liability; if claimed in the tax return for the beneficiary it is to be allowed as a deduction to the beneficiary. See Marion Stone Burt Lansill, 17 B. T. A. 413. The question for our determination is for whose benefit the deduction was claimed in the circumstances of the present proceeding.
The respondent’s contention that the Federal estate tax and the New Jersey inheritance tax were claimed as a deduction by the estate of John Eisele is not sustained. No income tax return on Form 1040 was filed by the estate. On the fiduciary return which was filed the deduction of the taxes in question was in effect claimed for the benefit of the beneficiary. As we stated in Frances E. B. Lentz, 21 B. T. A. 1336, resort may be had to the fiduciary return for the purpose of determining whether the deduction of the Federal estate tax and the State inheritance tax paid is being claimed by the estate or by the beneficiary. Reading the fiduciary return filed •by the estate of John Eisele with the income tax return of Anna Eisele, it is apparent that the Federal estate tax and the New Jersey inheritance tax were applied entirely against the beneficiary’s portion of the income of the estate in arriving at the amount of Anna Eisele’s distributable income — $6,075.81, and it follows from the Lentz case that the deduction was claimed by her. The fact that it was reported on the fiduciary return instead of on the individual return of Anna Eisele is of no consequence. The taxable income of Anna Eisele for the calendar year 1923 was $6,075.81, the amount shown on her individual return.
Reviewed by the Board.

Judgment will be entered under Bule 50.