*128 OPINION.
Murdock :
The only material fact about which there is much controversy between the parties is the date of payment of the Federal *129 estate tax of $47,400.77 on the estate of Jean Stewart. The petitioner now claims this tax was not paid until 1924, is not deductible in 1923, and must be deducted in 1924. His wife filed a separate return for 1924 and the question of her right to deduct this payment for 1924 is before us in a related case. The Commissioner contends that the payment was made as of some date in November, 1923. It is true that the petitioner’s wife tried to make the payment in 1923 by a tender of Liberty bonds and a check, and she thought she had paid the tax, but the tender was never accepted and the bonds were turned back to her and she received interest on them in 1924. The matter was finally adjusted in 1924 and Liberty bonds were accepted by the Government in partial payment of the tax. Apparently they were not the precise bonds previously tendered (which had been mutilated and had to be reissued), but this does not matter. It is now to the petitioner’s advantage to allow his wife to claim the deduction in 1924. For the purpose of a deduction under section 703 of the Revenue Act of 1928, we hold with the petitioner that on the cash basis the payment was not deductible in 1923 and the Commissioner did not err in this connection.
The deficiency notice was mailed before the enactment of the Revenue Act of 1928, containing section 703. Under that section the estate and inheritance taxes paid within the taxable years 1922 and 1923 are allowed as deductions to the beneficiary who claimed them through the petitioner on his joint returns. The fiduciary returns mentioned in the findings of fact are not the returns referred to in section 703 and the “ claim ” must be construed to mean the substantial application of the amounts of the taxes in arriving at taxable net income. Frances E. B. Lentz et al., 21 B. T. A. 1336. Here, as in the Lentz case, it clearly appears from the various returns that the fiduciaries did not in fact apply the tax against their town taxable incomes and did not claim the deductions, but the petitioner did apply the tax against his and his wife’s taxable income and in this way he alone claimed the deduction.
The deficiencies, if any, must be recomputed. The petitioner must be allowed as deductions $193,444.25 for 1922, representing Federal estate tax paid on the Jean Stewart estate; $82,976.04 for 1923, representing New York inheritance tax paid in connection with the Jean Stewart estate; and $53,440.98 for 1923, representing Federal estate tax paid on the Julia B. Stewart estate. He shall not be allowed any deduction for 1923 representing any part of the $47,-400.77 yiaid as Federal estate tax on the Jean Stewart estate. The income and credits to which Marian Stewart Honeyman is entitled as a beneficiary of the Jean Stewart estate and the Julia B. Stewart trust shall, of course, be properly applied in such recomputations. *130 The respondent’s first allegation is contrary to the facts; his second is supported by the evidence. Recomputation under Rule 50 will straighten out the matters mentioned in his other allegations so far as there is any evidence relating to them.
Reviewed by the Board.

Judgment will be entered under Rule 50.